IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DMITRI MEDVEDEV,
          Petitioner,

v.                                                    Civil Action No. 3:19-cv-824

MICHAEL L. WADE, Sheriff of Henrico
County, Virginia,
          Respondent.

## OPINION

Dmitri Medvedev filed a petition pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Henrico County, Virginia, for driving while under the influence ("DUI"). The respondent, Michael L. Wade,[1] Sheriff of Henrico County, has moved to dismiss the § 2254 petition, arguing that Medvedev had a full and fair opportunity to litigate his Fourth Amendment claim in state court. For the reasons that follow, the Court will grant Wade's motion to dismiss and deny the § 2254 petition.

## I. BACKGROUND

### A. Facts

On October 9, 2015, Officer Scott Phillips of the Henrico County Police received a call from dispatch reporting that a citizen had been following a red Mazda SUV that was running off the road. The dispatcher relayed that the driver had arrived at the Jewish Community Center

---

[1] Medvedev initially named Harold W. Clarke, Director of the Virginia Department of Corrections, as the respondent. Under Virginia law, if a petitioner "has a suspended sentence and is not under supervision by a probation or parole officer, the respondent [in a habeas proceeding] shall be . . . the local sheriff if the judgment of conviction the petitioner challenges has a suspended sentence of less than one year." Va. Code Ann. § 8.01-658(B)(3). As a result, Clarke was properly dismissed as a party respondent, and Wade was named as the respondent for purposes of this action. (Dk. No. 14.)

("JCC"). Officer Phillips went to the JCC and saw a red Mazda SUV matching the description parked near the building. On the opposite end of the parking lot, Officer Phillips saw the citizen that had been following the red Mazda. This person nodded when Officer Phillips pointed to the red Mazda SUV in the parking lot, confirming that this was the same car that had been swerving off the road.

Officer Phillips noticed that the red Mazda was empty but saw Medvedev nearby. Officer Phillips then approached Medvedev and asked Medvedev to join him by his police car. Officer Phillips also asked for Medvedev's driver's license. As he received the license, Officer Phillips smelled alcohol on Medvedev and noticed Medvedev standing in an unusual, off-balanced manner. Once the primary officer assigned to the call arrived, the officers conducted various field sobriety tests and arrested Medvedev for misdemeanor DUI, with a blood alcohol level of more than .20.

### B. *Procedural History*

On May 26, 2016, Medvedev filed a motion in the Circuit Court of Henrico County (the "circuit court") to suppress the evidence derived from the seizure of his person, arguing that he was seized when Officer Phillips asked for his identification and that Officer Phillips lacked reasonable suspicion to detain him. At the hearing, the circuit court denied the motion to suppress. Medvedev subsequently entered a conditional guilty plea and retained the right to appeal the circuit court's denial of his motion to suppress. Following the acceptance of the conditional guilty plea, the circuit court sentenced Medvedev to six (6) months in jail, with five (5) months and fifteen (15) days suspended. The circuit court suspended the sentence for five (5) years. *County of Henrico v. Medvedev*, No. CR16-60-00M (June 1, 2016).

Medvedev appealed the denial of the motion to suppress to the Court of Appeals of Virginia. The Court of Appeals of Virginia accepted the case for review and affirmed the circuit

court's ruling. *Medvedev v. Henrico County*, No. 0930-16-2, 2017 WL 3026780 (Va. Ct. App. July 18, 2017). The Supreme Court of Virginia denied Medvedev's petition for appeal on March 14, 2018, and then denied a petition for rehearing on May 11, 2018. *Medvedev v. Henrico County*, No. 171361 (Va. Mar. 14, 2018). Medvedev then filed a petition for writ of certiorari in the United States Supreme Court, which the Supreme Court denied on December 10, 2018. *Medvedev v. Henrico County*, 139 S. Ct. 642 (2018).

On November 6, 2019, Medvedev filed a petition for writ of habeas corpus in this Court, challenging his DUI conviction.[2] In his § 2254 petition, Medvedev asserts that his conviction is unlawful because the seizure that led to his arrest lacked probable cause under the Fourth Amendment.

## II. LEGAL STANDARD

To obtain federal habeas relief, a petitioner must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes the Court's authority to grant relief by way of a writ of habeas corpus. *See* 28 U.S.C. § 2254. Under the AEDPA, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A district court's review of a state court's factual findings is purposefully narrow. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (holding that a district court's review under § 2254(d) is limited to the evidentiary record before the state court because "[i]t would be contrary

---

[2] On December 11, 2019, Medvedev filed an amended petition, which names Wade as the respondent. (Dk. No. 12.)

to [the AEDPA's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*").

Additionally, a federal court may not grant habeas relief with respect to any claim that the state court adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Appleby v. Warden*, 595 F.3d 532, 535 (4th Cir. 2010). "[T]o obtain federal habeas relief, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in the existing law beyond any possibility for fair-minded disagreement.'" *Jackson v. Kelly*, 650 F.3d 477, 493 (4th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This highly deferential standard is "difficult to meet" and governs this Court's review of all legal determinations made on the merits by state courts. *Id.* at 102.

### III. DISCUSION

Wade argues that *Stone v. Powell*, 428 U.S. 465 (1976), bars Medvedev's claim because Medvedev had a full and fair opportunity to litigate his Fourth Amendment claim in state court. Thus, Medvedev cannot seek federal habeas relief.

Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. "The rationale for the Court's ruling was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with special force.'" *United States v. Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (quoting *Stone*, 428 U.S. at 494-95). Thus, "*Stone* . . . marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court." *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir. 1982).

Here, Medvedev argues that *Stone* predates the AEDPA and that the AEDPA "effectively did away with *Stone*'s bar of [Fourth Amendment] claims on federal habeas review." (Dk. No. 12, at 7-8.) Medvedev relies on a single case from the Southern District of West Virginia for this proposition. *See Carlson v. Ferguson*, 9 F. Supp. 2d 654 (S.D. W. Va. Mar. 16, 1998). This Court, however, has consistently held that *Stone* continues to bar federal habeas review of Fourth Amendment claims if the petitioner had an opportunity for full and fair litigation in state court.[3]

Medvedev had a full and fair opportunity to litigate his Fourth Amendment claim in state court. The circuit court heard his motion and denied it. (Dk. No. 19, Ex. A.) The Court of Appeals

---

[3] *See, e.g., Turner v. Clarke*, No. 1:18-cv-932, 2018 WL 5929633, at *3 (E.D. Va. Nov. 13, 2018), *appeal dismissed*, 754 F. App'x 230 (4th Cir. 2019) (per curiam); *Pork v. Clarke*, No. 3:16-cv-949, 2017 WL 7102895, at *6 (E.D. Va. Dec. 12, 2017), *appeal dismissed*, 727 F. App'x 57 (4th Cir. 2018) (per curiam); *Call v. Clarke*, 165 F. Supp. 3d 473, 475-77 (E.D. Va. Feb. 22, 2016), *appeal dismissed*, 667 F. App'x 63 (4th Cir. 2016) (per curiam); *Gregory v. Bassett*, No. 3:07-cv-790, 2009 WL 455267, at *4 (E.D. Va. Feb. 23, 2009), *appeal dismissed*, 352 F. App'x 830 (4th Cir. 2009) (per curiam).

of Virginia affirmed the circuit court's decision in a thorough opinion and order on the petition for rehearing. *Medvedev*, 2017 WL 3026780. The Supreme Court of Virginia also reviewed and denied Medvedev's petition for appeal and petition for rehearing.[4] *Medvedev*, No. 171361. Accordingly, *Stone* bars Medvedev's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Wade's motion to dismiss (Dk. No. 18) and deny Medvedev's § 2254 petition (Dk. No. 12).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A judge will not issue a COA unless a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No facts or law suggest that Medvedev is entitled to further consideration in this matter. Thus, the Court will deny a COA.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 30 July 2020
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[4] "With the exception of cases with procedural defects and the limited number of cases for which appellate review by the Supreme Court of Virginia is dependent upon 'a substantial constitutional question as a determinative issue or matters of significant precedential value' ([Va.] Code §§ 17.1-410[, 17.1]-411), the refusal of a petition for appeal constitutes a decision on the merits." *Sheets v. Castle*, 263 Va. 407, 411, 559 S.E.2d 616, 619 (2002).